**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1007**

MAIMUNA CAMARA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-1900668)

Submitted: June 27, 2007                  Decided:  July 30, 2007

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Joshua A. Moses, JOSHUA MOSES & ASSOCIATES, Silver Spring, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Anthony W. Norwood, Senior Litigation Counsel, Wendy Benner-Leon, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maimuna Camara, a native and citizen of the Gambia, petitions for review an order of the Board of Immigration Appeals ("Board") denying her applications for asylum, withholding from removal, withholding under the Convention Against Torture ("CAT") and denial of voluntary departure. Camara makes several challenges against the immigration judge's adverse credibility finding. She also claims the immigration judge failed to review the record prior to denying her application for voluntary departure. We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000).

An applicant can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). An applicant has the burden of demonstrating her eligibility for asylum. 8 C.F.R. § 1208.13(a)

- 2 -

(2006); <u>Gandziami-Mickhou v. Gonzales</u>, 445 F.3d 351, 353 (4th Cir. 2006).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. <u>Figeroa v. INS</u>, 886 F.2d 76, 78 (4th Cir. 1989). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony . . . ." <u>Tewabe v. Gonzales</u>, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, it is not supported by substantial evidence. <u>Tewabe</u>, 446 F.3d at 538.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C.A. § 1252(b)(4)(B) (West 2005). This Court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder

could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

We find the record does not compel a different result. The immigration judge's adverse credibility finding is supported by substantial evidence. Because Camara failed to support her claim that she was an opposition political activist or that she suffered past persecution, there was no reason to grant her relief under the CAT.

Furthermore, we lack jurisdiction to review any challenge to the grant or denial of voluntary departure. See 8 U.S.C. § 1229c(f) (2000) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . ."); 8 U.S.C. § 1252(a)(2)(B)(i) (2000) ("[N]o court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229c [the section governing voluntary departure]."); see also Ngarurih, 371 F.3d at 193 ("Section 1229c specifically precludes review of a denial of a request for voluntary departure . . . . Likewise, the general judicial review provision precludes review of orders granting voluntary departure.").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED